UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURK N. ASHFORD,<br><br>Plaintiff,<br><br>v.<br><br>BETTY T. YEE, State Controller for State of California; COMERICA INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION; and COMERICA SECURITIES, INC., and DOES 1-20,<br><br>Defendants. | No. 2:19-cv-2358-KJM-EFB PS<br><br>ORDER |

Plaintiff originally commenced this action in the United States District Court for the Northern District of Texas.[1] ECF No. 3. That court granted plaintiff's motion to proceed *in forma pauperis*, deferred screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), and transferred the case to this district pursuant to 28 U.S.C. § 1404(a). ECF Nos. 4 & 6; *see* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

The court now screens plaintiff's complaint. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The complaint alleges that from April to June 2011, the United States Department of Treasury deposited plaintiff's social security benefits into his Direct Express debit card account

/////

/////

2

he held with defendant "Comerica."[2]  ECF No. 3 ¶ 9.  Plaintiff alleges, without elaboration, that he was unable to access his account to withdraw his funds until 2017.  *Id*. ¶ 10.  When he attempted to do so, he discovered that his account balance was zero.  *Id*.  Over the next two years, plaintiff made numerous unsuccessful inquiries regarding the absence of his funds.

In August 2019, plaintiff filed a complaint with the Federal Reserve Bank of Dallas.  *Id*. ¶ 11.  Only after filing that complaint was plaintiff notified that his funds had been transferred to the California State Controller's Office pursuant to California's Unclaimed Property Law ("UPL").  *Id.*; *see* Cal. Civ. Proc. Code § 1513(a) (property held by a banking organization escheats to the state if there is no increase or decrease to an account's deposit amount over a three-year period).  Plaintiff called the Controller's Office and informed an employee that he wanted to file a claim.  *Id*. ¶ 12.  Although it is not clear whether he actually filed a claim, plaintiff alleges that "[t]he final result was that the California Controller has obfuscated the money and posted a request for intercepts."  *Id*.  The complaint purports to allege one claim against Betty Yee, the Controller for the State of California ("Controller"), and Comerica, which is styled as "Confiscation of Social Security Entitlements."  Plaintiff also alleges that this case arises under 42 U.S.C. § 4017(a) and "U.S. Code § 407(a)(b)."  *Id*. ¶ 6.

Plaintiff's allegations are insufficient to state a claim for relief.  As an initial matter, "Confiscation of Social Security Entitlements" is not a cause of action, and it is not entirely clear from the complaint's allegations what specific claim plaintiff is attempting to assert.  Plaintiff also cannot state a claim under 42 U.S.C. § 4017(a).  That statute, which directed the Administrator of the Federal Emergency Management Agency to establish the National Flood Insurance Fund, has no relevance to the complaint's allegations.

Plaintiff also cites to "U.S. Code § 407(a)(b)," but he fails to indicate which title of the United States Code he is referencing.  Presumably, he intends to state a claim for violation of 42 U.S.C. § 407.  That statute provides that an individual's right to future payments of social security

---

[2]  The complaint names as defendants Betty Yee, the State Controller for the State of California, and two Comerica entities as defendants, Comerica Incorporated and Comerica Bank & Trust, N.A.  Plaintiff's complaint, however, does not attempt to differentiate between the two Comerica entities.  Instead, it advances allegations against "Comerica."

benefits "will not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process or to the operation of any bankruptcy or insolvency law." 42 U.S.C. § 407. The purpose of the statute is "to protect social security beneficiaries and their dependents from the claims of creditors." *Crawford v. Gould*, 56 F.3d 1162, 1166 (9th Cir. 1995) (quoting *Fetterusso v. New York*, 898 F.2d 322, 327 (2nd Cir. 1990).

Plaintiff's allegations do not demonstrate that his right to future payments was transferred or assigned to California or one of its agencies. Nor do they establish that his funds in plaintiff's account were subject to "execution, levy, attachment, garnishment, or other legal process." *See* 42 U.S.C. § 407. Significantly, plaintiff fails to show that defendants have precluded him from recovering his funds under the procedures established by California's Unclaimed Property Law ("UPL").

California's UPL "establishes the conditions under which certain unclaimed personal property escheats to the state. The UPL is not a permanent or 'true' escheat statute. Instead, it gives the state custody and use of unclaimed property until such time as the owner claims it." *Azure Limited v. I-Flow Corp.*, 46 Cal. 4th 1323, 1328 (2009). Accounts with a banking organization, such as plaintiff's Direct Express account, "are deemed to be abandoned property, escheatable to the State, after the account has been dormant (i.e., inactive) for a period of three years." *Resolution Trust Corp. v. State of Cal.*, 851 F. Supp. 1453, 1456 (C.D. Cal. 1994) (citing Cal. Civ. Proc. Code § 1513(a)). Banks are required to report and deliver to the Controller funds from accounts deemed abandoned, and failure to do so may result in the imposition of penalties. *State of Cal. ex rel. McCann v. Bank of America, N.A.*, 191 Cal. App. 4th 897, 905 (2011).

A person claiming interest in property escheated to the state may file a claim to the property, Cal. Civ. Proc. Code § 1540(a), and the Controller then has 180 days to make a decision on the claim, Cal. Civ. Proc. Code § 1541. If the claimant is dissatisfied with the Controller's decision, or if no decision is issued within 180 days, he may commence an action in state court to establish his claim to the property. *Id*.

/////

4

Here, although plaintiff alleges he called the Controller's Office and stated he wanted to file a claim, he does not specifically allege that he filed a claim. Nor does he allege that he filed an action in state court challenging an adverse decision on a claim. Accordingly, the complaint fails to state a claim based on plaintiff's funds escheating to California. *Cf. Taylor v. Yee*, 780 F.3d 928, 939 (9th Cir. 2015) ("Appellants' challenge to the Controller's post-escheat procedure is not ripe because the Appellants failed to challenge the Controller's action—or inaction—in superior court as required by Section 1541 . . . .").

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff is granted leave to file an amended complaint. Any amended complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to

comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: May 13, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE