1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BURK N. ASHFORD,                              Case No.  2:19-cv-02358-KJM-JDP (PS)

12                     Plaintiff,                  FINDINGS AND RECOMMENDATIONS TO
                                                   DISMISS FOR FAILURE TO STATE A
13          v.                                     CLAIM

14   BETTY T. YEE, *et al.*,                       OBJECTIONS DUE WITHIN 14 DAYS

15                     Defendants.                 ECF No. 13

16

17          On May 13, 2020, the court found that plaintiff's complaint failed to state a claim, but

18   allowed plaintiff the opportunity to file an amended complaint.  ECF No. 12.  Plaintiff's first

19   amended complaint, ECF No. 13, is now before me for screening, *see* 28 U.S.C. § 1915(e)(2).

20   Plaintiff claims that his Social Security deposits—placed into his account with defendant

21   Comerica Bank—were not given to him at his request.  ECF No. 13 at 2.  The amended complaint

22   remains defective, and I recommend that the court dismiss it.

23                                          **Background**

24          In approximately March 2011, when plaintiff was taken into custody, he had an account

25   with money in it, which was capable of receiving deposits.  *Id.*  After his release on November 6,

26   2017, he contacted the bank and was told that his account had a zero balance.  *Id.*  He was

27   initially unable to figure out what had happened to his money, *id.*, but later learned that the

28   balance previously in the account, $2,294.18, had been classified as unclaimed after three years,

then transferred to the California State Controller's office under state law. *Id.* at 3. Plaintiff began the process of filing a claim for it with the state. *Id.* at 3-4. Plaintiff was able to recover all of his money, except for about $500. *Id.* at 5.

### Screening and Pleading Requirements

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions alone do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### Discussion

In his first amended complaint, plaintiff fails to remedy the shortcomings that the court noted when screening his original complaint. The court previously advised him that, to state a claim under 42 U.S.C. § 407, he would have to show that defendants precluded him from recovering his funds under the procedures established by California's Unclaimed Property Law. ECF No. 12 at 4. Instead, in plaintiff's first amended complaint, he alleges that he filed a claim

with the state of California and retrieved all his money, except for about $500.[1]  ECF No. 13 at 4-5.  The court also advised plaintiff that he must pursue a remedy in state court before he can bring his claim to federal court.  ECF No. 12 at 4.  Plaintiff, however, does not allege that he has filed a state action.  *See* ECF No. 13 at 6.  Instead, he argues that pursuing his claims in state court would be futile because Texas has jurisdiction and California is "the most litigious State in the Union."  *Id.*

These arguments are without merit.  Plaintiff has a remedy under California state law, his money is being held according to California state law, and whether the state of California is "litigious" has no bearing on the futility of pursuing his claim in state court.  Thus, plaintiff's first amended complaint, like his original one, fails to state a claim.  As it appears that plaintiff's case should be brought in state court, and plaintiff has already been given leave to amend with detailed instructions on the legal standards, further leave to amend would be futile.  Accordingly, I recommend that the court dismiss this case without prejudice to filing in state court.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    February 4, 2021                                _____
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff does not specify when this occurred.